911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma L. FLOYD, Mary P. Macy, Plaintiffs-Appellants,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 89-1748.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Wilma L. Floyd and Mary P. Macy appeal a judgment of the district court in favor of defendant in an action for employment discrimination. They now move for the appointment of counsel. Defendant has filed a motion to revoke plaintiffs' pauper status. Upon review of the record and plaintiffs' briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Plaintiffs filed a complaint pursuant to 42 U.S.C. Sec. 2000e-16, seeking monetary damages and other relief. They alleged that they were employed as registered nurses with defendant, United States Postal Service; that their jobs entailed responsibilities similar to those performed by a group of postal employees known as injury compensation specialists; that they sought to have their job levels increased to the job level of the injury compensation specialists; that the Postal Service failed to act on their request as a result of illegal discrimination on the basis of sex; that after the filing of an Equal Employment Opportunity complaint, a Complaints Examiner recommended that the Postal Service conduct an "audit" of the positions; that the Postal Service accepted the recommended decision, but wrongfully failed to act on it; and that the plaintiffs exhausted their administrative remedies by appealing to the Equal Employment Opportunity Commission.
 
 
 3
 After presentation of the plaintiffs' case at a bench trial, the Postal Service moved for the entry of judgment pursuant to Fed.R.Civ.P. 41(b). The district court granted the motion, concluding that the plaintiffs had not been subject to sexual discrimination and that the administrative delay in evaluating the positions did not give rise to a compensable claim. This appeal followed.
 
 
 4
 This court has scrutinized the record, including the transcript of trial and the stipulations entered into by the parties, and has concluded that the district court did not err in entering judgment in favor of defendant. See Fed.R.Civ.P. 52(a); West v. Fred Wright Constr. Co., 756 F.2d 31, 34 (6th Cir.1985). Contrary to the plaintiffs' contention before this court, 29 C.F.R. Sec. 1613.270(d) did not require the Postal Service to comply with the Complaints Examiner's decision while the Equal Employment Opportunity Commission appeal was pending. Accordingly, the motions for appointment of counsel and to revoke pauper status are denied and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.